## RICE DRUG CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9799.

United States Court of Appeals
Third Circuit.

Argued Feb. 11, 1949.

Decided June 17, 1949.

---

Sidney B. Gambill, Pittsburgh, Pa. (W. A. Seifert, William Wallace Booth, Reed, Smith, Shaw & McClay, Pittsburgh, Pennsylvania, on the brief), for petitioner.

Irving Axelrad, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Carlton Fox, Special Assistants to Attorney General, on the brief), for respondent.

Before BIGGS, Chief Judge, and O'CONNELL and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This petition for review raises a narrow issue, whether under Section 711(a) (2) (H) of the Internal Revenue Code [1] the taxpayer was entitled to exclude from its excess profits net income recoveries made by it on accounts acquired from its predecessor. The Commissioner of Internal Revenue determined deficiencies in petitioner's excess profits tax returns for the fiscal years ended September 30, 1943, and September 30, 1944, disallowing exclusions from its excess profits net income attributable to such recoveries. The Tax Court agreed with the Commissioner, one judge dissenting. 10 T.C. 642.

There is no dispute as to the facts. Petitioner is a corporation organized under the laws of Pennsylvania on October 21, 1941, with its principal office at Pittsburgh, Pennsylvania. During its fiscal years ended September 30, 1943, and September 30, 1944, it made recoveries of debts previously charged off by its predecessor, N. Rice Drug & Cigar Co., a partnership. The latter had charged off these accounts as worthless, and deductions [2] therefor were allowable to it from gross income for taxable years beginning prior to January 1, 1940. The manner in which petitioner acquired the accounts does not appear in the record, but petitioner concedes that its basis for them was zero.

Petitioner's position is that Section 711 (a) (2) (H), in excluding from excess profits net income "income attributable to the recovery of a bad debt if a deduction with reference to such debt was allowable from gross income for any taxable year beginning prior to January 1, 1940", was intended to exclude a class of income, i. e., "income attributable to the recovery of a bad debt". In its view, through the use of the word "allowable", the statute merely fixed the date of the origination of the bad debt, and the identity of the taxpayer who charged off, or was entitled to charge off, the debt, is of no consequence. Moreover, it is urged that the paramount purpose of the excess profits tax was to reach war profits, and that Congress did not intend to levy the burden of a war tax upon income such as that involved in Section 711

---

[1] As added by the Second Revenue Act of 1940, 54 Stat. 976, 26 U.S.C.A. § 711 (a) (2) (H) reads:

Section 711. Excess profits net income

"(a) Taxable years beginning after December 31, 1939. The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13(a) (2), for such year except that the following adjustments shall be made:

❋ ❋ ❋ ❋ ❋ ❋

"(2) Excess profits credit computed under invested capital credit. If the excess profits credit is computed under section 714, the adjustments shall be as follows:

❋ ❋ ❋ ❋ ❋ ❋

"(II) Recoveries of bad debts. There shall be excluded income attributable to the recovery of a bad debt if a deduction with reference to such debt was allowable from gross income for any taxable year beginning prior to January 1, 1940."

It should be noted that this case was disposed of by the Tax Court, and argued in this Court, as though Section 711(a) (1) (E) were applicable. However, the petitioner herein having elected to compute its excess profits credit under Section 714, the applicable law is that set out above. The confusion, however, does not affect the case, for subsection (E) of Section 711(a) (1) and subsection (H) of Section 711(a) (2) are identical, the former being applicable where a taxpayer elected to determine his excess profits credit under Section 713.

[2] 26 U.S.C.A. § 23(k).

(a) (2) (H), the basis for which was laid in a pre-war year, merely because it was collected in a war year.

██ Like the Tax Court, we are not persuaded that the petitioner's view is the correct one. Petitioner seeks, in effect, to have the accounts on which it has realized income treated as though they were still in the hands of the partnership. Certainly, as to the partnership which had charged off the accounts, the recoveries would have been recoveries of bad debts; since the charge off resulted in a deduction from gross income, the recoveries would have become items of gross income constituting restorations of losses suffered. 26 U.S.C.A. § 22(b) (12). But as to the petitioner, the accounts were not bad debts in the sense contemplated by Section 711(a) (2) (H), or by Section 22(b) (12), to which the former inevitably, albeit not expressly, refers. For in the instant situation petitioner did no more than realize a profit on assets which it acquired at a zero basis and there is absent the recoupment inherent in the concept of recovery of bad debts. Petitioner points out that the partnership, had it made the recoveries, would have included them as income for the same reason, that is, the charge off having been made, the accounts had a zero basis. Nevertheless, the difference is plain: the partnership carried the accounts at zero because it suffered a loss, and the recoveries would have constituted restorations; the petitioner never suffered a loss, but carried the accounts at zero because that was the cost of their acquisition. In short, the accounts are not the same in petitioner's hands. Cf. National Bank of Commerce of Seattle v. Commissioner, 9 Cir., 1940, 115 F.2d 875. And Section 711 (a) (2) (H) does not exclude, from excess profits net income, income attributable to profits on assets acquired during excess profits tax years at a zero basis by a separate and distinct taxable entity.

██ Moreover, we do not think that the statute should be construed to disregard the present status of the account in the hands of the taxpayer whose return is involved. Nor do we believe that by the use of the word "allowable" it was intended to freeze the character of the income here in dispute as of a date prior to January 1, 1940, without regard to the identity of taxpayers and without regard to the contemporary status of the account at the time the excess profits net income exclusion is claimed. The "recovery of bad debts" envisages the whole cycle of a claim becoming worthless and later being recovered by the same taxpayer, or perhaps one standing in his shoes, with the usual attending accounting and legal consequences. We need not dwell, however, upon degree of relationship of the claimant of the exclusion to the creditor who charged off the debt and to whom a deduction was allowable, for in the case *sub judice* the circumstances under which petitioner acquired the accounts from, and petitioner's relation to, the partnership are not explained in the record. There is no distortion of Congressional intent in excluding recoveries of bad debts from the excess profits net income of a taxpayer in the position of the partnership, which had or could have previously obtained an income tax advantage through the charge offs on account of losses; and including in the excess profits net income of a taxpayer in the position of petitioner the realization on worthless accounts which did not represent losses to it, even though they may have represented losses to some other taxpayer. Undoubtedly, this conclusion is consistent with the distinction between taxable entities. Cf. New Colonial Ice Co., Inc., v. Helvering, 1934, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348.

Finally, we might agree with petitioner that Section 711 indicates an intent on the part of Congress to alleviate hardship where the basis for income was laid in pre-war years, even though, for our purposes, what constituted excess profits is a statutory concept. In any event, the income here involved is attributable to a profit made on an asset, and, as the Tax Court said, "it seems to be in the same class with any other gain made during the war years from acquisition and disposition of property at a profit, and not because of any position of recoupment of something it had at one time lost."

For the reasons stated, the decision of the Tax Court will be affirmed.